Filed 9/9/20  P. v. Lee CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br> v.<br><br>VIRGIL THOMAS LEE,<br><br>   Defendant and Appellant. | C089124<br><br>(Super. Ct. Nos. 18CF02032, 18CF04995,18CF05459, & 18CF05905) |

Defendant Virgil Thomas Lee appeals from the judgment entered in these four consolidated cases.  Defendant pleaded no contest to carrying a dirk or dagger (Pen. Code, § 21310)[1] and possession of drug paraphernalia (Health & Saf. Code, § 11364, subd. (a)).  A jury convicted defendant on two counts of failure to appear (§ 1320, subd. (b)), and the trial court found true the allegations defendant committed the failures to

---

[1]  Undesignated statutory references are to the Penal Code.

1

appear while released on his own recognizance (§ 12022.1) and that he had one or more prior serious or violent felony convictions (§§ 667, subds. (b)-(i), 1170.12). The trial court sentenced defendant to serve a total term of seven years four months in state prison.

On appeal, defendant contends we must remand all four cases because (1) he received ineffective assistance of counsel because his trial attorney did not move for diversion under section 1001.36, and (2) the trial court violated his due process rights by failing to conduct an ability to pay hearing as required by *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).

We reject the argument regarding section 1001.36 as it relates to the first case because defendant did not obtain a certificate of probable cause to challenge his no contest plea. We also reject defendant's argument regarding section 1001.36 as it relates to the second, third, and fourth cases because the record on direct appeal is insufficient to establish his claim of ineffective assistance of counsel. We conclude that defendant was not deprived of due process for lack of a hearing on his ability to pay. Accordingly, we affirm the judgment as modified to correct the statutory authority for a fine imposed by the trial court.

FACTUAL AND PROCEDURAL HISTORY

*The first case*. Defendant was charged on April 19, 2018, in case No. 18CF02032. On May 9, 2018, defendant was convicted by plea of no contest to charges of carrying a dirk or dagger (§ 21310) and possession of drug paraphernalia (Health & Saf. Code, § 11364, subd. (a)). On the date of conviction, defendant obtained a drug court referral wherein his attorney acknowledged on the record defendant's receipt of Social Security benefits. Defendant's request was denied on July 18, 2018, when the trial court found him unsuitable to participate in light of new pending charges.

*The second case*. Defendant failed to appear for sentencing in the first case. On August 27, 2018, the People filed case No. 18CF04995 to allege defendant's failure to appear (§ 1320, subd. (b); count one) with special allegations he had been released on his

own recognizance (§ 12022.1) and had one or more prior serious or violent felony convictions (§§ 667, subds. (b)-(i), 1170.12).

*The third case*. On September 12, 2018, the People filed a felony complaint in case No. 18CF05459. On January 31, 2019, a jury convicted defendant of possession of contraband in jail (§ 4573.6, subd. (a)) and possession of drug paraphernalia (Health & Saf. Code, § 11364, subd. (a)). At a bifurcated trial, the trial court found true the special allegation that defendant had one or more prior serious or violent felony convictions (§§ 667, subds. (b)-(i), 1170.12).

*The fourth case*. On September 20, 2018, the People filed a felony complaint in case No. 18CF05905. The People alleged that defendant again failed to appear for sentencing in the first case. The second and fourth cases were consolidated, and the jury found him guilty of failures to appear as charged in both the second and fourth cases. The trial court found true the allegations that he had been released on his own recognizance (§ 12022.1) and had one or more prior serious or violent felony convictions (§§ 667, subds. (b)-(i), 1170.12).

*Sentencing*. Defendant was sentenced in all four cases in March 2019. The court denied defendant's request for probation, finding it was both statutorily prohibited, but also inappropriate given his prior performance on probation and parole. The record does not show that defendant requested participation in mental health diversion pursuant to section 1001.36.

The court sentenced defendant to serve a total aggregate prison term of seven years four months and struck the section 12022.1 enhancements found true in the second and fourth cases pursuant to section 1385. The court imposed restitution fines (§ 1202.4, subd. (b))[2] of $300 in each of the four cases and imposed corresponding, suspended

---

[2] We note the trial court misspoke when pronouncing this fine, stating it was pursuant to section 1203.4, subdivision (b). We modify the judgment to correct the

3

parole revocation fines (§ 1202.45) in those cases. The court also imposed $40 court operations assessments (§ 1465.8) and $30 court facilities assessments (Gov. Code, § 70373) for each count in each case. Finally, the court imposed a $195 crime lab analysis fee (Health & Saf. Code, § 11372.5, subd. (a)) for each of the drug paraphernalia convictions in the first and third cases. Defendant timely appealed, but did not request a certificate of probable cause for the first case.

DISCUSSION

I

*Section 1001.36 Diversion in the First Case*

Defendant claims he is entitled to remand for a determination of his suitability for pretrial diversion under section 1001.36. Because defendant's first case resolved by no contest plea, we will analyze this case separately from the cases in which he was convicted by a jury. As to the first case, we reject the claim for lack of a certificate of probable cause.

Section 1237.5 provides: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, . . . except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court." The California Supreme Court has explained, " 'The purpose and effect of section 1237.5 . . . are . . . to create a mechanism for trial court determination of whether an appeal raises any nonfrivolous cognizable issue, i.e., any nonfrivolous issue going to

---

statutory authority for this fine. (*People v. Smith* (2001) 24 Cal.4th 849, 853-854 [court's authority to correct nondiscretionary sentencing errors]; § 1202.4, subd. (b) [requiring imposition of a restitution fine unless the court "finds compelling and extraordinary reasons for not doing so and states those reasons on the record"].)

4

the legality of the proceedings.' " (*People v. Johnson* (2009) 47 Cal.4th 668, 676 (*Johnson*).)

In *Johnson*, the Supreme Court addressed the need to file a certificate of probable cause to challenge counsel's effectiveness regarding a "defendant's request to withdraw a guilty or no contest plea." (*Johnson, supra*, 47 Cal.4th at p. 673.) The *Johnson* court held that "[w]hether the appeal seeks a ruling by the appellate court that the guilty plea was invalid, or merely seeks an order for further proceedings aimed at obtaining a ruling by the trial court that the plea was invalid, the primary purpose of section 1237.5 is met by requiring a certificate of probable cause for an appeal whose purpose is, ultimately, to invalidate a plea of guilty or no contest." (*Id*. at p. 682.)

Here, defendant did not obtain a certificate of probable cause in his first case. This failure is fatal to his argument because his claim of entitlement to *pretrial* diversion under section 1001.36 seeks to invalidate his previous no contest plea, and therefore a certificate is required. (See *Johnson, supra*, 47 Cal.4th at p. 682; *People v. Panizzon* (1996) 13 Cal.4th 68, 78 [requiring certificate of probable cause to challenge constitutionality of agreed upon sentence imposed pursuant to plea where the events giving rise to the claim occurred a month after that plea].) Accordingly, we reject the claim.

## II

### *Section 1001.36 Diversion in the Second through Fourth Cases*

Defendant contends he is entitled to remand for the trial court to consider pretrial diversion under section 1001.36 in his second through fourth cases. We disagree.

As the California Supreme Court recently noted, section 1001.36 became effective immediately as part of the 2018 budget bill. (*People v. Frahs* (2020) 9 Cal.5th 618, 626.) Thus, section 1001.36 was effective on June 27, 2018. (See Credits, 50a, pt. 1 West's Ann. Pen. Code (2020 supp.) foll. § 1001.36, p. 9.) Here, defendant was charged in his

5

second through fourth cases *after* June 27, 2018.  Consequently, defendant was charged at times during which section 1001.36 already offered pretrial diversion.

The record does not show that defendant's trial attorney made any motion for pretrial diversion under the existing statute.  For lack of a timely motion by defendant's trial attorney for pretrial diversion under section 1001.36, the issue has not been preserved for appeal.  " ' "[N]o procedural principle is more familiar to this Court than that a constitutional right," or a right of any other sort, "may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." ' "  (*In re Sheena K*. (2007) 40 Cal.4th 875, 880-881, quoting *United States v. Olano* (1993) 507 U.S. 725, 731 [123 L.Ed.2d 508].)

Anticipating our conclusion about the lack of a timely motion, defendant asserts his trial attorney was constitutionally ineffective for not seeking section 1001.36 diversion.  We conclude the record on direct appeal is insufficient to establish his claim.

"A criminal defendant's federal and state constitutional rights to counsel (U.S. Const., 6th Amend.; Cal. Const., art. I, § 15) include the right to effective legal assistance.  When challenging a conviction on grounds of ineffective assistance, the defendant *must demonstrate counsel's inadequacy*."  (*People v. Mai* (2013) 57 Cal.4th 986, 1009 (*Mai*), italics added.)  "When examining an ineffective assistance claim, a reviewing court defers to counsel's reasonable tactical decisions, and there is a presumption counsel acted within the wide range of reasonable professional assistance.  It is particularly difficult to prevail on an appellate claim of ineffective assistance."  (*Ibid*., italics omitted.)  " ' "[I]f the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," the claim on appeal must be rejected.' [Citations.]  A claim of ineffective assistance in such a case is more appropriately decided in a habeas corpus proceeding.  [Citations.]" (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267 (*Mendoza Tello*).)

On this record, defendant cannot meet his burden of affirmatively demonstrating error. The record sheds no light on why trial counsel did not request diversion pursuant to section 1001.36. The record, however, indicates defendant's trial attorney could have had satisfactory explanations for not doing so. For example, diversion requires a showing that a diagnosed mental disorder, as described in section 1001.36, subdivision (b)(1)(A), was a "significant factor" in the commission of the crime. (§ 1001.36, subd. (b)(1)(B).) Although the trial court recognized at sentencing that defendant had mental health problems that were "major contributors" to his poor choices, this does not necessarily satisfy the requirements of section 1001.36, subdivision (b)(1)(B). Moreover, in order to be eligible for mental health diversion, defendant had to demonstrate that the mental disorder motivating the criminal behavior would respond to mental health treatment, defendant would agree to comply with treatment, and defendant would "not pose an unreasonable risk of danger to public safety" if treated within the community rather than being incarcerated. (See § 1001.36, subd. (b)(1)(C), (E), & (F).) Section 1001.36 also requires that defendant meet a particular clinical definition of mental disorder and other enumerated requirements. (§ 1001.36, subd. (b)(1)(A)-(F).) Defendant's mere receipt of Social Security benefits does not establish current eligibility for diversion under these statutory requirements. Therefore, on this record, defendant's ineffective assistance claims for the second through fourth cases must be denied. (*Mai, supra*, 57 Cal.4th at p. 1009; *Mendoza Tello, supra*, 15 Cal.4th at pp. 266-267.) If there is extra record evidence that defense counsel was indeed ineffective in failing to seek section 1001.36 diversion, he may pursue his claim through a writ of habeas corpus. (See *Mai,* at p. 1009; *Mendoza Tello,* at pp. 266-267.)

### III

### *The Requested Ability to Pay Hearing*

On appeal, defendant argues the court violated his right to due process by imposing mandatory fines and assessments without holding a hearing to determine his

ability to pay them. Specifically, defendant challenges the imposition of the minimum restitution fines, court facilities assessments, and court operations assessments.

This argument relies primarily on *Dueñas, supra,* 30 Cal.App.5th 1157, which held, "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay before it imposes court facilities and court operations assessments under . . . section 1465.8 and Government Code section 70373." (*Id.* at p. 1164.) The *Dueñas* court also held "that although . . . section 1202.4 bars consideration of a defendant's ability to pay unless the judge is considering increasing the fee over the statutory minimum, the execution of any restitution fine imposed under this statute must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." (*Ibid.*) The People argue defendant forfeited his challenge to these mandatory fines and assessments because he did not object to these fines and assessments in the trial court. We need not decide whether this issue has been forfeited. We reject defendant's argument because we are not persuaded the analysis used in *Dueñas* is correct.

Our Supreme Court is now poised to resolve this question, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which agreed with the court's conclusion in *Dueñas* that due process requires the trial court to conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes court facilities and court operations assessments under section 1465.8 and Government Code section 70373, but not restitution fines under section 1202.4. (*Kopp,* at pp. 95-96.)

In the meantime, we join several other courts in concluding that the principles of due process do not require determination of a defendant's present ability to pay before imposing the fines and assessments at issue in *Dueñas* and in this proceeding. (*People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Hicks* (2019) 40 Cal.App.5th 320, 329, review granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th

8

1055, 1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.)  Having done so, we reject defendant's *Dueñas* challenge to the mandatory fines and assessments.

DISPOSITION

We modify the judgment to reflect that the four $300 restitution fines imposed by the trial court pursuant to Penal Code section 1203.4, subdivision (b), are actually imposed pursuant to section 1202.4, subdivision (b).  Because the abstract of judgment already accurately reflects the statutory basis for these restitution fines, no amendment of that document is necessary.  The judgment is affirmed as modified.

　　　　　　　　　　　　　　　 /s/　　　　　　　　　　
　　　　　　　　　　　　　　　 HOCH, J.

We concur:

 /s/　　　　　　　　　　　　　
HULL, Acting P. J.

 /s/　　　　　　　　　　　　　
KRAUSE, J.